GEORGE LAGOIS and IDA LAGOIS, as Co-administrators, etc., of HANS LAGOIS, Deceased, Appellants, _v._ MAX PREUSS, Respondent.

First Department, February 7, 1919.

Negligence — action for death of child run over and killed by delivery wagon — evidence — instruction as to injury to child from kick of vicious horse not supported by evidence.

Where, in an action to recover damages for the death of a child less than four years of age run over and killed by defendant's delivery wagon, the evidence did not establish that the child received its injury by a vicious kick of the defendant's horse, it was reversible error for the court to charge, in effect, that if the defendant's horse viciously kicked the child the verdict must be for the defendant.

LAUGHLIN, J., dissented.

Appeal by the plaintiffs, George Lagois and another, as administrators, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 3d day of April, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of April, 1918, denying plaintiffs' motion for a new trial made upon the minutes.

*Sidney R. Fleisher,* for the appellants.

*Murray G. Jenkins* of counsel [*William B. Shelton* with him on the brief; *William Dike Reed,* attorney], for the respondent.

Merrell, J.:

Plaintiffs, as administrators, bring this action to recover damages for the death of their intestate, which they assert was caused by the negligence of defendant's servant, for which he was responsible.

The deceased, a child of less than four years of age, was run over and killed by defendant's laundry delivery wagon. The issues presented by the evidence, both as to the negligence of defendant's driver, and as to the absence of contributory negligence on the part of the deceased and those having the care of him, he being *non sui juris,* were submitted to the jury. The jury returned a verdict for the defendant. Upon the issues thus presented we have no criticism of the verdict. Under the evidence presented at the trial, those were the only issues, except the question of damages, with which the jury was concerned, and, had no other question been submitted to the jury and had a verdict been rendered other than for the defendant, it would, in all probability, have been set aside.

But we think the trial court, in submitting the case to the jury, presented for its determination a question which was not warranted by the testimony, and which tended to confuse the jury, and that by reason thereof the verdict rendered in favor of the defendant must be set aside and a new trial directed. The only eye-witness to the accident, an illiterate person, unfamiliar with the English language, testified, on her direct examination, that immediately before plaintiffs' intestate was killed the witness saw the child lying upon

the pavement about two feet ahead of defendant's team, and that one of the horses kicked the child on the head, and that then the wheels of the wagon passed over the child's head, killing him instantly. Upon being recalled, the said eye-witness explained her previous testimony that the child was kicked by the horse by saying that she meant by that that the horse stepped upon the child before the wheels of the wagon ran over him, and that, in substance, the witness understood kicking and stepping to be synonymous. The eye-witness testified that the horse which stepped upon the child "wasn't wild, just walking slow," as she expressed it. Notwithstanding such explanation, the trial court charged the jury as follows: "I will say here that if you find that this horse kicked the child, and by kick I mean viciously kicking out with the foot, as horses do at times, in that case your verdict will be for the defendant, because that is not negligence, unless you can attribute negligence to a horse. There is liability in such cases, but the law requires that before you can hold the owner of a horse that kicks another it must be shown that the owner knew that the horse would kick, that he was a vicious horse. The same rule applies to a dog bite. If a dog on the street bites you, you cannot recover unless you show that the owner knew or ought to have known that the dog was liable to bite. So I say, if you find that the accident happened because the horse kicked the child, your verdict will be for the defendant."

While the rule thus stated by the court would be correct in a proper case, under the evidence of this case it had absolutely no application and was quite unwarranted. The evidence of the eye-witness was undisputed, and as finally completed left no question as to how the accident occurred, and there was nothing from which the jury could have found that the child received his injury from the kick of a vicious horse. The only result of such erroneous instruction was to confuse the jury and to inject into the case a question that had no place there. The effect of such erroneous charge was to mislead and confuse the jury in its consideration of the issues presented by the evidence, and necessitates a reversal of the judgment entered upon the verdict of the jury for the defendant.

The judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide event.

CLARKE, P. J., DOWLING and SMITH, JJ., concurred; LAUGHLIN, J., dissented.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.